IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MUREX PETROLEUM CORP., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. _____<br><br>**C O M P L A I N T**<br><br>**Jury Trial Demanded** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Derrick Jenkins who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Murex Petroleum Corp. ("Defendant") discriminated against Jenkins when it subjected him to harassment based on his race, African American, in violation of 703(a), 42 U.S.C. §2000e-2(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Texas corporation doing business in the State of North Dakota and the Cities of Tioga, Fortuna and Alexander. Defendant has continuously had at least 15 employees during the relevant time period.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Derrick Jenkins filed a charge with the EEOC alleging violations of Title VII by Defendant.

7. On March 2, 2018, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Jenkins in violation of Title VII by subjecting him to harassment based on his race.

8. On March 2, 2018, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on July 9, 2018, the EEOC issued Defendant a Notice of Failure of Conciliation for Jenkins' charge.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is an oil and gas company operating in North Dakota.

13. Since at least April 2014, Defendant engaged in unlawful employment practices at its facility in Tioga, North Dakota and at various work sites in Tioga, Fortuna and Alexander in violation of Section 703(a), 42 U.S.C. §2000e-2(a) by subjecting Jenkins to harassment based on his race, African American.

14. Jenkins worked for Defendant from April 2014 to September 2014 as a roustabout.

15. During his employment, Jenkins was subjected to harassment based on his race by his white coworkers. The coworkers frequently made racially derogatory comments and called him racial slurs including "spook," "spade," and "Buckwheat." The coworkers routinely made comments about equipment or work using the racially offensive term "nigger rigged."

16. The harassment was witnessed by Jenkins' supervisor, but no action was taken to stop or prevent the harassment. Another African American employee complained to a high-level executive of Defendant about the harassment, but no action was taken to stop the harassment.

3

17. The effect of the practices complained of in paragraphs 13-16 above, has been to deprive Jenkins of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African American.

18. The unlawful employment practices complained of in paragraphs 13-16 above were and are intentional.

19. The unlawful employment practices complained of in paragraphs 13-16 above were done with reckless indifference to the federally protected rights of Jenkins.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jenkins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-16 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

D. Order Defendant to make whole Jenkins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-16 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.  Order Defendant to pay Jenkins punitive damages for its malicious and reckless conduct, as described in paragraphs 13-16 above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
5th Floor
Washington, D.C.  20507


/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney


/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney


/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 720

                Minneapolis, Minnesota  55401
                Telephone:  (612) 335-4074
                Facsimile:   (612) 335-4044
                tina.burnside@eeoc.gov