UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 1:18-cv-00169-CSM |
| Plaintiff, | ) ) | **CONSENT DECREE** |
| v. | ) ) | |
| MUREX PETROLEUM CORP., | ) ) | |
| Defendant. | ) ) | |

# INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") has filed a Complaint against Defendant Murex Petroleum Corp., ("Defendant"), *EEOC v. Murex Petroleum Corp.,* Civil No. 1:18-cv-00169 (CSM), alleging that Defendant discriminated against Derrick Jenkins when it subjected him to harassment based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 703(a), 42 U.S.C. §2000e-2(a).

In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, EEOC and Defendant were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are

1

approved as set forth herein:

## I.      JURISDICTION

**A.**     This Court has jurisdiction over the parties and the subject matter of this action.

**B.**     This Court shall retain jurisdiction of this action during the duration of this Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

## II.     FINDINGS

**A.**     The purposes of Title VII and the public interest will be furthered by the entry of this Decree.

**B.**     The terms of this Decree constitute a fair and equitable settlement of this action.

## III.    SCOPE

The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Derrick Jenkins underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

## IV.     DEFINITIONS

As used herein, "Murex Petroleum Corp.," "Murex" or "Defendant" shall mean

Defendant's facilities located in Tioga, Fortuna and Alexander, North Dakota.

## V.   TERM

The Term of this Decree and all obligations hereunder as to Defendant shall be three (3) years from the Effective Date hereof.  The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

## VI.   INJUNCTION

**A.**   Murex Petroleum Corp. and its officers, agents, management (including supervisory employees), successors, assigns and all persons acting in concert with it shall not engage in any form of race discrimination or racial harassment made unlawful under Title VII.

**B.**   Murex Petroleum Corp. and its officers, agents, management (including supervisory employees), successors and assigns, and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## VII.   EMPLOYMENT REFERENCE

Murex Petroleum Corp. will provide a neutral employment reference for Derrick Jenkins that contains dates of employment, position held and stating he "satisfactorily" performed his job duties during his tenure.  When providing reference check information, Defendant will inform prospective employers of the dates of employment and the position held, and state that Jenkins was a satisfactory employee who performed his job

duties. Jenkins must direct any and all inquiries relating to reference check information

to:

Murex's Human Resources Department
Tel:  832-277-7380
Fax:  866-241-4096
Email:  humanresources@murexpetroleum.com
Address:          363 N. Sam Houston Pkwy. E.
Suite 200
Houston, TX  77060

## VIII.  POLICIES AND TRAINING

**A.**      Within sixty (60) days after the Effective Date hereof, Defendant will

review its workplace policies relating to race discrimination and racial harassment, and

revise any policies inconsistent with Title VII.

**B.**      Within sixty (60) days after the Effective Date hereof, Defendant will

revise its harassment policy to explicitly outline its complaint procedure regarding the

process by which employees should complain about racial harassment.  The policy

should also include name(s), job title(s) and telephone number(s) of persons who are

responsible for receiving and investigating racial harassment complaints.  The revised

complaint procedure policy shall be distributed to all employees within thirty (30) days

after such revisions are made.

**C.**      On an annual basis for the term of this Consent Decree, Defendant will

train all of its management personnel on Title VII's provisions prohibiting race

discrimination and racial harassment.  The training may also include information about

other laws prohibiting discrimination and harassment in the workplace and about

Defendant's equal employment opportunity policies.  The training must be provided by a

4

live, in-person trainer.  An agenda for the training, training materials, and resumes relating to the presenters will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenters, the agenda and the materials until a week before each training.  The first annual training shall total no less than one hour.  Each subsequent training shall total no less than one hour, which may be presented in a one hour session, or as two thirty-minute training sessions.   The EEOC shall be notified of the time and date of each scheduled training.

    **D.**     On an annual basis for the term of this Consent Decree, Defendant will train all of its non-management employees on their rights as employees to be free from discrimination and harassment under Title VII.  Such training shall include Defendant's equal employment opportunity policies and the process for making complaints about discrimination or harassment internally and advise them of their right to file charges of discrimination with the EEOC or other fair employment practices agencies.  An agenda for the training, training materials, and resumes relating to the presenters, will be provided to the EEOC at least 30 days before each training session.  The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenters, the agenda and the materials until 15 days before each training.  Defendant may use a computer module, video or other non-live training curriculum to complete its training for non-management employees.  Defendant may choose to train non-management employees during the training for management employees, so long as the trainer explains how the obligations of management employees to respond to complaints of

5

discrimination differ from those of non-management employees.

      **E.**    At the beginning of each training session held under this Decree, the President or Vice President of the company will introduce the trainer and affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously. The President or Vice President may perform this by videoconference or telephone conference call.

## IX.    POSTING TO EMPLOYEES

      **A.**    Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

      **B.**    Defendant will post the Notice attached as **Exhibit A** at its facilities in Tioga, Fortuna and Alexander, North Dakota.  **Exhibit A** will be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree.  Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## X.    RECORDKEEPING AND REPORTING

      **A.**    Defendant will comply with all recordkeeping obligations under the laws prohibiting discrimination as outlined in 29 C.F.R. §1602.  Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

      **B.**    On an annual basis during the term of this Decree, Defendant shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed

its workplace policies, revised any policies inconsistent with Title VII, and it has
conducted the training of its personnel as required by this Decree.  After the first report to
the EEOC, Defendant's subsequent annual reports shall document any further revisions
or changes to its workplace policies and describe how such revisions are consistent with
Title VII.

       **C.**      Defendant shall provide the EEOC with a list of all complaints of race
discrimination and racial harassment made during that period with a description of the
allegation made, including: (1) the name of the complaining party; (2) a description of the
facts of the complaint; and (3) a description of Defendant's actions in response to the
complaint.  Upon the EEOC's request, Defendant shall make the underlying documents or
records available to the EEOC within ten days of request.

## XI.    MONETARY REMEDY

       **A.**      Defendant agrees to pay $50,000.00 to Derrick Jenkins in resolution of this
matter within thirty (30) days after the Effective Date hereof.

       **B.**      Jenkins' execution of the release attached as **Exhibit B** will be a condition
precedent of his receipt of relief under this Decree.

       **C.**      Defendant will provide Jenkins with appropriate income tax
documentation.  For purposes of this settlement, Defendant will provide Jenkins with a
1099 tax form reflecting the payment of $50,000.00 for Jenkins' compensatory damages.
Defendant will provide the EEOC with a copy of the check and any related
correspondence provided to Jenkins.

## XII.  NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Murex Petroleum Corp. Defendant and any successors of it shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XIII.  DISPUTE RESOLUTION

The EEOC will give Defendant fifteen (15) business days notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree.  If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XIV.  COMPLIANCE REVIEW

The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or premises. Upon such notice, Defendant will allow representatives of the EEOC to review its compliance with this Decree by

8

inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

**XV.   COSTS AND ATTORNEYS FEES**

The EEOC and Defendant shall each bear their own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**

Dated: *Nov. 19*____, 2018

_____
Daniel L. Hovland, Chief Judge
United States District Court

The parties jointly request that the Court approve and enter this Consent Decree.

This 15 day of November, 2018.

ATTORNEYS FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

James L. Lee
Deputy General Counsel
Gwendolyn Young Reams
Associate General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507


/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney


/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661
Telephone: (312) 869-8116
Email: jean.kamp@eeoc.gov


/s/ Tina Burnside
Tina Burnside (WI #1026965)
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone: (612) 335-4074
Email: tina.burnside@eeoc.gov

10

ATTORNEYS FOR DEFENDANT
MUREX PETROLEUM CORP.

/s/ Gina K. Janeiro
Gina K. Janeiro
Jackson Lewis P.C.
150 South Fifth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 359-1766
Email: gina.janeiro@jacksonlewis.com